**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Magistrate Judge David L. West**

**Criminal Case No. 12-MJ-00110-DLW**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**1.  LEON SAM TOMMIE,**

  **Defendant.**

_____

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND REASONS**
**FOR ORDER OF DETENTION**
_____

    **THIS MATTER** came before the Court for an Identity and Detention Hearing on June 12, 2013 on a Petition on Violation of Supervised Release and Warrant for Arrest of the Supervised Releasee out of the Southern District of Florida.  Present were the following: James Candelaria, Assistant United States Attorney, Douglas Reynolds, counsel for the Defendant, and the Defendant.  Also present was Chris Perez, Probation Officer by video conference. The Defendant and his counsel executed a written waiver of the Identity Hearing in this District.

    The Petition alleges twelve (12) violations of the conditions of his supervised release. During the hearing on June 12, 2013, the Defendant waived his right to a Preliminary Hearing in this District under Rule 32.1 of the Federal of Criminal Procedure.

    Under Rule 32.1, the court "may release or detain the [defendant] under 18 U.S.C. § 3143(a) pending further proceedings.  The burden of establishing that the person will not flee or pose a danger to any other person or to the community rests with the [defendant]."

    In making my findings of fact, I have taken judicial notice of the information set forth in the Petition on Violation of Supervised Release, the Pre-Sentence Report from the Southern District of Florida noting probation violations in 2005 and 2006 which may still have outstanding warrants and the numerous alleged violations for non-compliance with the terms of his supervised release.

As a result, after considering all of these factors, I conclude that there is clear and convincing evidence that no condition or combination of conditions for release will reasonably assure the safety of the community. I further find, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the Defendant.

**IT IS HEREBY ORDERED** that the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

**IT IS FURTHER ORDERED** that the Defendant be afforded reasonable opportunity for private consultation with counsel; and

**IT IS FURTHER ORDERED** that on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to a United States Marshal for the purpose of transporting the Defendant back to Southern District of Florida for further proceedings in that District.

**DATED and ENTERED** this 12th day of June, 2013.

>> BY THE COURT:
>>
>> <u>s/David L. West</u>
>> **United States Magistrate Judge**